**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50125 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00767-AB-3 |
| v. | |
| TOYRIEON SESSIONS, AKA Phat, AKA PhatStax, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted July 18, 2023
Pasadena, California

Before: TASHIMA and FORREST, Circuit Judges, and CARDONE,[**] District
Judge.

Defendant Toyrieon Sessions appeals his convictions following a jury trial

resulting from a 2017 bank robbery. He presents three issues for decision: (1)

whether the district court erred by not suppressing evidence obtained from his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

iPhone 7 on the basis that both its initial seizure when he was arrested and its "prolonged seizure" while held in the Los Angeles Police Department's (LAPD) evidence locker were unlawful, (2) whether the district court erred by refusing to give his requested cautionary jury instruction related to co-conspirator testimony, and (3) whether the district court committed reversible cumulative error.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the factual and procedural background of this case, we do not recount it here.

1.    ***Suppression Issues.*** When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Rosenow*, 50 F.4th 715, 728 (9th Cir. 2022). The district court concluded that the iPhone 7 at issue was initially obtained incident to Sessions's arrest. While Sessions disputes that the cell phone was on his person when he was arrested, he did not present any evidence on this point and declined the opportunity to have an evidentiary hearing in the district court in favor of "just going . . . on the pleadings." Based on the record presented, the district court did not clearly err in finding that the cell phone was on Sessions's person when he was arrested and, therefore, was lawfully seized incident to arrest. *See Chimel v. California*, 395 U.S. 752, 764 (1969). Moreover, the officers did not exceed the scope of their authority

---

[1]In his Opening Brief, Sessions also argued that the district court erred in "allowing the Government's expert to conclusively decide a disputed question," but he withdrew this issue in his Reply Brief.

under the incident-to-arrest exception. *See Riley v. California*, 573 U.S. 373, 401 (2014) (holding "that a warrant is generally required before [a cell phone may be searched], even when a cell phone is seized incident to arrest"). The officers only *seized* Sessions's cell phone when he was arrested; they did not *search* his phone at that time.[2]

Sessions also argues that the seizure of his cell phone was "unreasonable as a result of its duration." While Sessions is correct that a "seizure reasonable at its inception . . . may become unreasonable as a result of its duration," *Segura v. United States*, 468 U.S. 796, 812 (1984), the district court did not err in concluding that the interference with Sessions's possessory interest was reasonable where he never sought to obtain his cell phone after he was released following his arrest and where he was in custody for unrelated reasons during the time his phone was retained. *See United States v. Johns*, 469 U.S. 478, 487 (1985) (rejecting challenge where defendants did "not even allege[], much less prove[]" that a delay in searching property unreasonably affected their possessory interest and "never sought return of the property"); *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015) ("Where

---

[2]On appeal, the Government argues that Sessions lacks standing to challenge the seizure of the iPhone 7 because he did not establish it was his. We reject this argument because below the Government presented evidence indicating and argued that this cell phone did belong to Sessions. *Cf. United States v. Reyes-Bosque*, 596 F.3d 1017, 1026 n.3 ("So long as the government did not rely on facts contrary to its standing argument before the district court, the standing issue is properly before us on appeal.").

individuals are incarcerated and cannot make use of seized property, their possessory interest in that property is reduced.").

Finally, even if the prolonged retention of Sessions's cell phone was unreasonable, exclusion of the evidence obtained from it was unwarranted where entirely different officers from those who initially seized the phone (and who were investigating a different crime) sought and obtained a valid warrant to search the phone after discovering it was in LAPD custody. *See United States v. Medina*, 181 F.3d 1078, 1082 (9th Cir. 1999) (concluding there can be no appreciable deterrent purpose in suppressing evidence where the investigators who brought the case did not collude with earlier investigators who may have engaged in unreasonable conduct while acquiring material evidence). Sessions points to *United States v. Song Ja Cha*, 597 F.3d 995 (9th Cir. 2010), which held that the exclusionary rule is applicable to unreasonably long seizures. However, *Song Ja Cha* is not analogous to this case because it involved a single group of officers engaging in "deliberate, culpable, and systemic" conduct to bar a defendant from his home, while that defendant made active efforts to return to his home. *Id.* at 1004–06.

**2.** *Jury Instructions.* "[W]e review the 'language and formulation' of a jury instruction for abuse of discretion." *United States v. Rodriguez*, 971 F.3d 1005, 1017 (9th Cir. 2020) (quoting *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014)). Sessions argues that the district court erred by not giving his requested

cautionary instruction advising the jury that a co-conspirator in the bank robbery who testified against him "[r]eceived benefits or favored treatment from the government in connection with this case." The district court gave an alternative model cautionary instruction that informed the jury that the witness "[a]dmitted being an accomplice to the crime charged" and had "[p]leaded guilty." This was not an abuse of discretion. As the district court explained in declining to give Sessions's requested instruction, the witness had not actually "received benefits or favored treatment from the government," but had only "receive[d] a potential benefit by her testimony." Indeed, Sessions's counsel acknowledged that the witness had "anticipated receiv[ing] benefits" when she testified. Moreover, "there is no significant [difference] between a cautionary instruction on the testimony of an accomplice and a cautionary instruction on one granted immunity. In both instances, the jury is instructed that the testimony 'be received with caution and weighed with care.'" *United States v. Bernard*, 625 F.2d 854, 858 (9th Cir. 1980) (quoting *United States v. Morgan*, 555 F.2d 238, 243 (9th Cir. 1977)).

**3.** ***Cumulative Error.*** Where we conclude that Sessions has not shown any individual error, we necessarily reject his contention that the district court committed reversible cumulative error. *See United States v. Audette*, 923 F.3d 1227, 1241 (9th Cir. 2019).

**AFFIRMED.**